UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 07-80001-WRS
                                                                   Chapter 13
JESSE C. LAPRADE and
BETTY JUNE LAPRADE,

        Debtors.


## MEMORANDUM DECISION

This Chapter 13 case is before the Court upon the Debtors Jesse and Betty Laprade's Objection to Claim Number 16 of Energy Automation Systems, Inc. (Doc. 25). Energy Automation filed a Response to the Debtors' Objection, (Doc. 26), and a hearing was held on this matter on July 18, 2007. For the reasons set forth below, the Objection to Claim Number 16 is SUSTAINED.

## I. BACKGROUND

In May of 2003, Debtor Jesse Laprade brought suit against Energy Automation in the United States District Court for the Middle District of Tennessee. The jury returned a verdict in favor of Energy Automation, and the costs were taxed against Laprade in the amount of $8,615.26. On December 11, 2006, Energy Automation initiated garnishment proceedings against Laprade in the United States District Court for the Middle District of Alabama to recover the costs award. (Doc. 26, Ex. B).

On January 2, 2007, the Laprades filed a voluntary bankruptcy petition under Chapter 13. (Doc. 1). In their schedules, the Debtors listed the debt owed to Energy Automation as an unsecured debt in the amount of $8,615.26. (Doc. 1, p. 20). The Debtors' plan proposed to pay unsecured creditors 100%, and it was approved on March

19, 2007. (Doc. 19).

On January 5, 2007, the Clerk's Office sent notice of the claims bar date to all creditors, including Entergy Automation. (Doc. 9). The bar date to file proofs of claim was set at May 7, 2007. (Id.). On May 4, 2007, William Campbell, counsel for Energy Automation, filled out a Proof of Claim and mailed it to the Clerk's Office via first class mail. (See Doc. 27). The Clerk's Office did not receive the Proof of Claim until May 8, 2007, one day after the claims bar date. On May 22, 2007, the Debtors objected to Energy Automation's claim number 16 as late filed. (Doc. 25). On June 11, 2007, Energy Automation responded to the Debtors' objection. (Doc. 26). A hearing was held on the Debtors' objection on July 18, 2007 in Opelika. The Debtors were present by counsel Victor Price, and Energy Automation was present by counsel William Campbell, Jr. At the conclusion of the hearing, this Court took the matter under submission.

## II. CONCLUSIONS OF LAW

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction to hear this matter under 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334.

Rule 3002(c), FED. R. BANKR. P., provides in pertinent part: "In a . . . chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors under § 341(a) of the Code. . . ." Id. That Rule lists several exceptions which are not relevant here. Id. Furthermore, 11 U.S.C. § 502(b)(9) requires disallowance of an untimely filed proof of claim.[1] Regardless of whether a claim is unsecured or secured, a timely proof of claim

---

[1] Section 502(b)(9) provides, in pertinent part, the following:

must be filed for the claim to receive distribution under the Chapter 13 plan.

Energy Automation admits that its Proof of Claim was untimely, but attempts to argue that this Court should allow it as an amendment to an informal proof of claim. The Eleventh Circuit acknowledges that "[u]nder some circumstances, actions by a claimant which do not amount to a formal proof of claim may constitute an informal proof of claim." Charter Co. v. Dioxin Claimants (In re Charter Co.), 876 F.2d 861, 863 (11th Cir. 1989). However, the court cautioned that "[n]ot every document filed in the bankruptcy court will constitute an informal proof of claim, however; the document must apprise the court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." Id. The court further held that "[m]ere knowledge by the debtor of the creditor's claim will not suffice to establish the existence of a valid proof of claim. Under this doctrine, courts have construed a variety of documents as informal proofs of claim, including motions for relief from an automatic stay, letters notifying the trustee of a debt of the estate, and complaints against a chapter 7 discharge together with an objection to a chapter 13 plan." Id. at 864 (internal citations omitted).

The Eleventh Circuit laid out two requirements that must be met for a motion to constitute an informal proof of claim. The first requirement is that the motion must "apprise[] the court of the existence, nature and amount of the" claim. Id. at 864.

---

> [With certain exceptions not applicable here] if such objection to a claim is made, the court . . . shall allow such claim in such amount, except to the extent that –
> * * *
> (9) proof of claim is not timely filed . . .

11 U.S.C. § 502(b)(9).

Second, the motion must make clear the creditor's intent to hold the debtor liable for the claim. Id. at 864.

As to the first element, Energy Automation attempts to argue that the bankruptcy court was aware of the existence, nature, and amount of the claim, because the Debtors listed the claim in their schedules. However, "affirmative action on the part of the creditor which reveals the existence of the claim and an intent to share in the estate is essential, and mere knowledge of the claim on the part of the trustee or listing the claim in the . . . schedules is not sufficient, standing alone, to constitute an informal proof of claim." In re Oxford Health Investors, LLC, 2004 WL 2830694 (Bankr. M.D.N.C. June 15, 2004). This Court agrees and finds that the first element is not met here.

As to the second element, Energy Automation offers several exhibits to demonstrate its intent to hold the Debtors liable for the claim. Energy Automation offers copies of letters where counsel for Energy Automation contacted the Debtors and the Debtors' attorney attempting to collect its debt. (Doc. 26, Ex. A). Energy Automation also offers an Application for a Writ of Execution filed in the District Court for the Middle District of Alabama on December 11, 2006, about one month prior to the bankruptcy filing. (Doc. 26, Ex. B). This Court finds that Energy Automation has presented sufficient evidence of its intent to hold the Debtors liable for the debt. Therefore, the second element is met.

The two requirements laid out by the Eleventh Circuit are conjunctive conditions – both elements must be met before this Court can find an informal proof of claim. Energy Automation has satisfied the second element, but it has been unable to present any evidence that it took affirmative steps to apprise the Court of the nature and amount

4

of the claim. Without having met the first element, the objection to the late filed claim is sustained.

That being said, this Court is aware that the rule disallowing late filed claims in Chapter 13 cases is a harsh one. In this case, the proof of claim was received only one day after the bar date. However, the deadlines set out in Rule 3002 and 11 U.S.C. § 502(b)(9) are bright line rules, which this Court has no discretion to extend.[2]

Energy Automation also argues that this "Court is vested with the authority to make 'the correction of any error or defect or cure of any omission which does not affect substantial rights,'" citing to Rule 9005, FED. R. BANKR. P. Energy Automation argues that filing the proof of claim one day late is an error that this Court should correct, and that the Debtors' rights would not be affected by allowing the late filed claim, since the Debtors scheduled the claim and intended to pay 100% of their claims.

Rule 9005, FED. R. BANKR. P., provides that "[w]hen appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights." Rule 9005 further incorporates Rule 61, FED. R. CIV. P., which provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise

---

[2] Rule 9006(b)(1), FED. R. BANK. P., allows a court to extend the claims bar date upon a motion filed before the expiration or for excusable neglect. However, that Rule limits the court's power to extend the deadline under Rule 3002(c) "to the extent and under the conditions stated in [that] rule." FED. R. BANKR. P. 9006(b)(3). Therefore, under Rule 9006(b)(3), a court may not allow a late filed proof of claim in a Chapter 13 cases unless it falls within one of the exceptions listed in Rule 3002(c). Since none of the exceptions to Rule 3002(c) are met, the claim must be disallowed since a proof of claim was not timely filed.

> disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Id.

This Court finds Energy Automation's arguments unpersuasive for several reasons. First, the harmless error doctrine is used to correct mistakes made the court and is generally not applied to mistakes made by the parties themselves. Therefore, this Court finds the harmless error analysis of Rule 61 inapplicable to this case.

Second, although Energy Automation argues that allowing the claim would not affect the substantial rights of the parties, this Court is not convinced. The fatal flaw in Energy Automation's argument is that the allowance of a late filed proof of claim is not a procedural matter having no bearing on the parties' substantial rights. It cannot be said that allowing the claim will not have a substantial impact of the Debtors' rights. Furthermore, disallowance of the claim will most certainly have a significant impact on the rights of Energy Automation. Therefore, it would be inaccurate to classify this matter as an error which does not affect substantial rights.

Second, the argument advanced by Energy Automation is inconsistent with the strict bar set out in Rules 3002 and 9006, FED. R. BANKR. P. This harmless error argument is essentially an excusable neglect argument. As discussed in Footnote 2, this Court has no discretion to allow a late filed claim based on excusable neglect or any other argument not listed in one of the Rule 3002 exceptions. None of those exceptions is applicable to this case. Allowing Energy Automation to use a harmless error argument would undercut the strict deadlines set out in the Rules and essentially provide a

6

backdoor to allow all parties to use as a failsafe for missing any deadline set by the Court. Therefore, since this Court has found that the claims bar deadline for Chapter 13 cases set out in Rule 3002(c) may not be challenged under an excusable neglect argument, this Court likewise finds that it may not be challenged under a harmless error claim.

### III. CONCLUSION

As set forth above, this Court finds that Energy Automation has failed to show any ground for allowance of its late filed claim. Therefore, in accordance with 11 U.S.C. § 502(b)(9), the Debtors' objection to claim number 16 is SUSTAINED. The Court will enter an order on a separate document in accordance with Rule 9021, FED. R. BANKR. P.

Done this the 9th day of August, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge